Filed 2/20/14  P. v. Yeager CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RANDY LEE YEAGER,<br><br>Defendant and Appellant. | F066776<br><br>(Super. Ct. No. VCF275269C)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Gerald F. Sevier, Judge.  (Retired judge of the superior court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.)

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P.J., Peña, J. and Hoff, J.[†]

[†]       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

On November 7, 2012, the Tulare County District Attorney charged defendant Randy Lee Yeager with two counts of second degree robbery (Pen. Code, § 211;[1] counts 1 & 2). The complaint further alleged that defendant had suffered one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served seven prior prison terms (§ 667.5, subd. (b)). The trial court gave an indicated sentence of 15 years and defendant pled no contest. The probation report also recommended a 15-year total term, based on consecutive terms, but on one occasion described the terms as concurrent. At sentencing, the court's oral pronouncement imposed concurrent terms without mentioning the total term. The minute order and abstract of judgment both reflect consecutive terms and a 15-year total term. On appeal, defendant contends we should remand for correction of those two records to conform to the court's oral pronouncement of sentence, which amounted to a 13-year total term. We disagree and will remand for resentencing.

## FACTUAL BACKGROUND

### I.     *The Crimes*

Ben and Ellis, the victims, were playing pool at a bar, where they had a disagreement with Barton Lee and Ray Vance regarding whose turn it was to use the pool table. To resolve the conflict, Ben, Barton, and Ray agreed to play together, and Ellis began playing with a young woman.

When the woman left, Ellis followed her out of the bar to get her telephone number. He met Barton, who said, "Back the fuck off, or you're going to get hurt." But Ellis continued walking the woman to her car.

When Ben came out to find Ellis, he was stopped by Barton, Ray, and defendant. They told him, "We're going to kick your friend's ass."

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

After the woman left, Ellis headed back toward the bar, but the three men were waiting and they surrounded him. Defendant struck Ellis in the head and took his pocketknife from his back pocket. Ellis's face was visibly injured. Defendant kicked Ellis's leg. Ellis attempted to escape, but he was blocked.

Ben yelled at the men and moved in to help Ellis. Ray hit him in the head and he fell to the ground. Ben fought back and threw Ray to the ground. As he tried to hold him there, defendant hit Ben from behind.

One of the three perpetrators told Ellis they would leave if he gave them money, so he gave them the money in his wallet. Defendant reached into Ben's pocket and took his wallet.

## II.     The Plea and Sentence

At the plea hearing, defense counsel told the trial court that defendant was "agreeable to the disposition we discussed in chambers." Defense counsel reminded the court that "[o]ne of the other defendants already pled last Friday, and we do have the District Attorney here if it pleases the court." The court stated: "All right. I think given the gravity of the charges, I'd rather take them separately anyway …." The court asked defendant if he had spoken to his attorney and if he had any questions. Then, the following interaction occurred:

> "THE COURT: All right. I've talked with your attorney and the District Attorney about your case, and should you enter a plea of guilty or no contest, I'm telling you that I will sentence you to prison for 11 years.
>
> "[DEFENSE COUNSEL]: Fifteen.
>
> "[PROSECUTOR]: Believe that was as to the other defendant.
>
> "THE COURT: Oh, I'm sorry.
>
> "[DEFENSE COUNSEL]: That was [a co-defendant]. That was the offer to him.
>
> "THE COURT: Oh.

3.

"THE DEFENDANT: I'd plead to 11.

"[DEFENSE COUNSEL]: My client[, defendant,] would be happy about 11.

"THE COURT: You're 15. I'm sorry, I apologize. [¶] … [¶] All right, I see. [¶] All right. That I would sentence you to 15 years in prison. [¶] Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: And this would be another two strikes—an additional two strikes, you would get two more strikes; you understand that? [¶] … [¶]

"THE DEFENDANT: Yes. [¶] … [¶]

"THE COURT: And these would be serious prior felony convictions, as well as two violent felony convictions in addition to the strike[s].

"THE DEFENDANT: Yes."

The court then advised defendant of the rights he was waiving and found his waiver knowing and voluntary. Defendant then pled no contest to second degree robbery in count 1 and "a separate second degree robbery against a different victim" in count 2, and admitted all the special allegations.

About one month later, the same judge conducted the sentencing hearing. The probation officer's report prepared for that hearing was internally inconsistent. It listed seven aggravating factors and noted that "Pursuant to 11702.12(a)(7) [*sic*] PC *consecutive* sentences are required."[2] (Italics added.) Next, the report listed the two counts and the special allegations. On count 1, it listed a midterm of six years, plus seven consecutive years for enhancements, for a total of "13 yrs." On count 2, it listed a term of "2 yrs (1/3 mid term)," plus a stayed five-year enhancement, for a total of "2 yrs *c/s*." (Italics added.) Below this, the report stated:

---

[2] This statutory reference should have been to section 1170.12, subdivision (a)(7).

**"TOTAL RECOMMENDED TERM:  FIFTEEN (15) YEARS**

**"IT IS THEREFORE RESPECTFULLY RECOMMENDED**:

"1.      The defendant's Application for Probation be DENIED.

"2.      In Count 1, the defendant be committed to State Prison for double the mid-term of SIX (6) YEARS pursuant to 1170.12(a)(1) PC with an additional and consecutive FIVE (5) YEARS pursuant to 667(a)(1) PC and an additional and consecutive TWO (2) YEARS pursuant to two 667.5(b) PC allegations for a total term of THIRTEEN (13) YEARS, with credit for 43 days spent in custody awaiting sentence, plus 6 days credit pursuant to 2933.1 PC, for a total of 49 days.

"3.      In Count 2, the defendant be committed to State Prison for double the mid-term of TWO (2) YEARS pursuant to 1170.12(a)(1) PC, with zero presentence credit to be served *concurrent* with Count 1."  (Italics added.)

At the sentencing hearing, the court stated it had read and considered the probation officer's report and recommendation.  Then the following occurred:

"[DEFENSE COUNSEL]:  Your Honor, I—my review of the report shows that it's consistent with the plea agreement, and as such, I would submit it on that basis.

"[PROSECUTOR]:  The People submit.

"THE COURT:  All right.  Well, [defendant], needless to say, you have [an] extensive prior record.

"THE DEFENDANT:  Yeah.

"THE COURT:  And those are felony violations, violations of parole.  You're not a good candidate for probation.  [¶]  This was an agreed-upon sentence, so there does not appear to be any necessity for any particular findings, other than I would say from reading the probation report that obviously, you're not a good candidate for probation, and because of your prior strike, you're going to get your sentence on the primary term doubled.  There are other considerations.

"All right.  Your application for probation is denied.  In Count 1, you're committed to state prison for the midterm doubled because of the strike.  [T]hat's six years with an additional and consecutive five years … and an additional two consecutive years for the prior prison[ terms], two of

5.

them.  [¶] … [¶] … The other prior prison terms are stricken…. [¶]  So that's a total term of 13 years.  You get credit for 43 days [of] actual credits plus six days [of] statutory credits; total credits, 49 days.

"In Count 2, you're committed to state prison for double the midterm two years with no credits, and that's to be served *concurrent* with Count 1."  (Italics added.)

The minute order of the sentencing hearing noted a six-year midterm on count 1, plus a five-year consecutive term under section 667, subdivision (a)(1), and two one-year consecutive terms under section 667.5, subdivision (b).  On count 2, the minute order noted a *consecutive* two-year term, calculated as one-third the midterm.  The order noted a total term of 15 years.

The abstract of judgment reflected a six-year midterm sentence, plus a five-year enhancement under section 667, subdivision (a)(1) and two one-year enhancements under section 667.5, subdivision (b), on count 1 and a *consecutive* two-year sentence on count 2.  The total term was listed as 15 years.

## DISCUSSION

We agree that generally when there is a discrepancy between the trial court's oral pronouncement rendering judgment, as reflected in the reporter's transcript, and the minute order or the abstract of judgment contained in the clerk's transcript, the oral pronouncement controls and it is presumed that the difference is due to a clerical error in the minute order or abstract of judgment.  (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)  But it is also a general rule that "'a record that is in conflict will be harmonized if possible.  [Citation.]  If it cannot be harmonized, whether one portion of the record should prevail as against contrary statements in another portion of the record will depend on the circumstances of each particular case.'  [Citation.]"  (*People v. Lawrence* (2009) 46 Cal.4th 186, 194, fn. 4.)

In this case, we believe the probation report contained a plain error in the paragraph numbered 3, above, when it referred to count 2's term as concurrent.  Prior to

this paragraph, the report noted the court's indicated sentence of 15 years. It then stated that consecutive sentences were statutorily required by section 1170.12, subdivision (a)(7). It assigned a 13-year sentence to count 1 and a consecutive two-year sentence to count 2. The sentence on count 2 was calculated as a consecutive sentence: one-third of the midterm. (§ 1170.1, subd. (a).) And the report stated the total recommended term as 15 years. Then, in the final recapitulation of the report's recommendations in the numbered paragraphs (on the same page), in paragraph 3 the officer inexplicably listed count 2 as *concurrent*.

This record strongly suggests that the trial court intended to impose its indicated 15-year sentence but inadvertently repeated the probation officer's error. When the trial court orally pronounced sentence, it seems to have followed the probation report's list and simply reiterated the probation officer's mistake in paragraph 3. We agree with the People that the record supports the conclusion that this was an error rather than the court's exercise of discretion to impose a shorter term than the one it said was agreed upon. For these reasons, we conclude that in this case the oral pronouncement should not prevail over the remainder of the record, and we believe remand for resentencing is appropriate to resolve the issue.

## DISPOSITION

The sentence is vacated and the case remanded to the trial court for resentencing. We express no opinion on the proper sentence to be imposed on remand. In all other respects, the judgment is affirmed.